**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Olegario ESQUIVEL–HUERTA,**
**Defendant–Appellant.**

**No. 05–41459.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Olegario Esquivel–Huerta appeals his guilty plea conviction and sentence for being unlawfully present in the United States after deportation following an aggravated

felony conviction. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and he contends that his challenge is not barred by the appeal-waiver provision in his plea agreement. The Government seeks enforcement of the waiver provision. We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Esquivel–Huerta's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Esquivel–Huerta contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Esquivel–Huerta properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.